SEALED

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>Caleb MENDEZ,<br>Defendant. | Case No.: '25 MJ1052<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) – Possession with Intent to Distribute Fentanyl and Methamphetamine; and<br>Title 18 U.S.C. § 924(c)(1)(A) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime |

The undersigned complainant being duly sworn states:

COUNT ONE

On or about January 16, 2025, within the Southern District of California, Defendant Caleb MENDEZ knowingly and intentionally possessed with intent to distribute 40 grams and more, to wit: approximately 126 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

COUNT TWO

On or about January 16, 2025, within the Southern District of California, Defendant Caleb MENDEZ knowingly and intentionally possessed with intent to distribute 50 grams and more, to wit: approximately 90 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

//

//

COUNT THREE

On or about January 16, 2025, within the Southern District of California, Defendant Caleb MENDEZ, in furtherance of a drug trafficking crime, namely possession with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl) and methamphetamine, as charged in Counts One and Two, did knowingly possess a firearm, that is, a loaded .357 caliber Taurus revolver bearing serial number D096041; in violation of Title 18, United States Code, Section 924(c)(1).

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

Task Force Officer Michael Neumann
Homeland Security Investigations

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 7th day of March, 2025.

HON. VALERIE E. TORRES
U.S. MAGISTRATE JUDGE

**STATEMENT OF FACTS**

On January 16, 2025, at approximately 3:00 p.m., the San Diego County Sheriff's Department ("SDSD") received a call from an employee of the Chick-Fil-A restaurant located at 931 Sweetwater Road in the unincorporated community of Spring Valley, California, located within the Southern District of California. The reporting party (the employee) advised SDSD that two other employees had observed a male, later identified as Caleb MENDEZ, had parked his Jeep partially on the curb in the restaurant parking lot. MENDEZ had then exited the Jeep, gone to the trunk and removed a bag and a stack of cash. MENDEZ was seen by an employee in the restaurant walking into the restaurant and then into the bathroom with white foam around his mouth. The reporting party further stated to SDSD during the call that another employee believed a young female child, later identified as L.M. (age 7), had been left alone inside the Jeep. Additionally, a restaurant employee entered the bathroom to check on MENDEZ, and observed he had what appeared to be a pipe and baggies containing a white powdery substance on the floor.

A SDSD Deputy was dispatched and responded to the scene. He contacted a female adult and L.M. inside the Jeep. The adult identified herself as S.D. and L.M. as her daughter. S.D. further advised that MENDEZ was her boyfriend and the father of L.M., and that he was inside the restaurant getting food. The SDSD Deputy entered and spoke to the restaurant manager, who advised that MENDEZ was alone inside the restroom. MENDEZ then exited the restroom alone, and the Deputy attempted to speak with MENDEZ by saying, "Let me talk to you". MENDEZ ignored him and walked out of the restaurant towards the Jeep. The Deputy ordered MENDEZ to show him his hands. MENDEZ stopped but did not show his hands. He had a blue bag and a cell phone in his left hand and his right hand was concealed within his sweatshirt pocket. MENDEZ was placed in handcuffs without further incident or use of force. When asked if he had anything illegal on him, MENDEZ stated he had "drugs," and clarified those drugs to be fentanyl.

MENDEZ provided consent to be searched. Found on MENDEZ's person were: a loaded Taurus .357 revolver, bearing serial number D096041; a clear plastic baggy

containing a white powdery substance, later determined to be fentanyl, with a gross weight of 4.48 grams; a larger baggy containing multiple smaller unused baggies; a digital scale; a bottle of Alprazolam pills (commonly known as Xanax, a Schedule IV controlled substance); three pieces of wrapped aluminum foil, with a gross weight of 14.31 grams; a white plastic container with a white powdery substance that field tested presumptive positive for the characteristics of alpha-Methyl acetyl fentanyl with a gross weight of 34.91 grams; a glass tube; and a black zipper bag.

MENDEZ advised the Jeep belonged to S.D., who confirmed it was hers. MENDEZ was placed under arrest and detained in a patrol car. A records check of the firearm serial number revealed it had been reported stolen out of Utah in December 2024. A subsequent examination of one of the pieces of wrapped aluminum foil revealed the presence of a white powdery substance, which field tested presumptive positive for the characteristics of fentanyl. The SDSD Deputy only opened and examined one of the pieces of aluminum foil due to the dangers associated with handling fentanyl, but suspected, based on his training and experience, that all three pieces contained fentanyl.

When interviewed, S.D. advised she and MENDEZ had been in a dating relationship for the past 10 years and that L.M. was their only child. S.D. advised law enforcement that MENDEZ had struggled with narcotics addiction in the past and advised she suspected he may have recently relapsed based on his behavior. She denied knowledge of the presence of drugs or the firearm within the Jeep. She admitted ownership of the jeep and consented to a search of the vehicle.

That search revealed a black backpack in the trunk, which contained multiple clear plastic baggies with a 100-dollar bill symbol printed on each; a cigarette box with a blue baggy containing a powdery substance, which later field tested clear – "Lactose Copper phthalocyanine Low density polyethylene Direct," with a gross weight of 0.8 grams; two stacks of cash totaling $1,166; a red plastic container with a white crystallized substance that later field tested presumptive positive for the characteristics of methamphetamine, with a gross weight of 50.66 grams; and drug paraphernalia. Under the front passenger seat of

the Jeep was a blue fabric bag containing $3,341 in cash and a ballistic vest was found in the rear seat compartment. S.D. reported that the cash belonged to MENDEZ.

Upon returning to his patrol car, the SDSD Deputy inspected the blue bag possessed by MENDEZ and discovered a clear baggy containing a white powdery substance, which later field tested presumptive positive for the characteristics of fentanyl, with a gross weight of 107.43 grams; a plastic baggie with a 100-dollar bill symbol that contained M30 pills, which later field tested inconclusive for fentanyl, with a gross weight of 75.19 grams; an orange plastic baggie containing a white crystallized substance that later field tested presumptive positive for the characteristics of methamphetamine, with a gross weight of 39.54 grams; and an additional glass smoking pipe.

MENDEZ provided a post-*Miranda* statement admitting all drugs and cash found within Dykes' Jeep belonged to him. He stated he has a full -time job as a carpenter and his paycheck is directly deposited into his bank account. He stated he is currently addicted to fentanyl and uses approximately 0.3 to 0.5 grams per day. MENDEZ advised a friend had given him the fentanyl powder and M30 tablets because the friend knew MENDEZ was broke. MENDEZ denied he was involved in the sale of narcotics and that everything found on him and within the Jeep were for personal use.

All substances seized from the vehicle and MENDEZ' person were weighed with packaging due to the extreme danger from exposure to fentanyl. The powdered fentanyl had a combined gross weight of approximately 126.24 grams. The alpha-Methyl acetyl fentanyl had a gross weight of approximately 34.91 grams. The suspected fentanyl in M30 tablet form, which field tested inconclusive, had a gross weight of approximately 75.19 grams. The methamphetamine had a combined gross weight of approximately 90.22 grams.